UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ADDISON, et al.,

                       Plaintiffs,

                                                CIVIL CASE NO. 04-40085

v.

ASHLAND INC.,                                HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed on July 8, 2005. For the reasons stated below, the Court will grant Defendant's motion.

**I.**     **Background**

Defendant Ashland, Inc. owns and operates over 300 Valvoline Instant Oil Change ("VIOC") Service Centers nationwide. Each Service Center is a separate retail operation and building. Every Service Center employs a Service Center Manager, who is responsible for the management, profitability, and employee supervision of that center. The Service Centers provide, among other things, quick oil changes for automobiles. Typically, a customer drives his automobile into a service bay where technicians perform maintenance on the vehicle. A customer pulls his automobile into the bay, selects the services desired, waits while the services are performed, pays the bill and departs.

All maintenance performed on the customer's automobile is entered into a computerized Point of Sale program ("POS"). Not only does the POS record the maintenance performed on the

automobile, but it also records which employees performed it and the time it took. Further, the POS tracks the employees' scheduled work hours as well as the hours actually worked. When, and if, there is a difference, the Service Center Manager has the ability to modify the record so that the employee is properly paid.

It appears that each Service Center has the same employee hierarchy, which includes a Technician, Senior Technician, Customer Service Representative, Assistant Manager, and Service Center Manager. Service Center Managers are trained and certified in all job positions and are in charge of the center's day-to-day operations. For example, the Service Center Manager is responsible for hiring and firing, scheduling and training, sales and marketing, ordering and stocking inventory, reviewing and reporting financial records, and setting profitability goals for the center. A Service Center Manager's pay includes a salary plus an economic performance bonus if the Service Center meets its profitability goals. The Service Center Manager is at the top of the center's employment hierarchy. Ashland employs Area Managers that are responsible for a number of VIOCs within a geographic region. Area Managers, however, are not in charge of any Service Center and their offices are not located at any Service Center. The Service Center Manager possesses full management discretion for his respective Service Center.

Plaintiffs are all former VIOC Service Center Managers. They allege that they should have been paid overtime pursuant to the Fair Labor Standards Act ("FLSA") because their primary duties were not managerial in nature. Rather, they allege that they were "working foreman." Defendant argues that Plaintiffs were exempt from receiving overtime wages because they were "executives," whose primary duties dealt with the management of the Service Centers, and were therefore exempt from the FLSA overtime requirement.

**II.     Standard of review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

**III.    Analysis**

The FLSA states, in pertinent part:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a).  However, the FLSA exempts from the above requirement "any employee employed in a bona fide executive, administrative, or professional capacity. . . ."  29 U.S.C. § 213(a)(1).  The employer has the burden of proving that an employee is a bona fide executive.  The employer may do so by applying either a "short" or "long" test.  *See Schaefer v. Indiana Michigan*

*Power Company,* 358 F.3d 394, 400 (6th Cir. 2004).  Under the short test, an executive is exempt from the FLSA if (1) he is paid more than $250 per week; (2) the employee's primary duty consists of management of the agency, department or subdivision; and (3) the employee regularly directs two or more other employees.  29 C.F.R. § 541.119(a).  "If an employee earns more than $250 per week, the employer must show that the employee meets the 'short test' definition of *bona fide* administrator or executive in order to prove that he is exempt . . . ."  *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2002).  Here, because Plaintiffs were paid more than $250 per week, the long test does not apply and no discussion of it is necessary.  Further, because it is undisputed that Plaintiffs earned more than $250 per week and that they regularly directed two or more employees, elements one and three of the short test are already met.  Thus, the only remaining question is whether Plaintiffs' primary duties as Service Center Managers were managerial as required by the second element.

The Department of Labor regulations provide guidance regarding whether an employee's primary duty is managerial in nature:

> A determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. The amount of time spent in the performance of the managerial duties is a useful guide in determining whether management is the primary duty of an employee. In the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time. Thus, an employee who spends over 50 percent of his time in management would have management as his primary duty. Time alone, however, is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his primary duty if the other pertinent factors support such a conclusion. Some of these pertinent factors are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.

29 C.F.R. § 541.103

Likewise, the Department of Labor regulations provide guidance regarding what constitutes management. Generally, management includes, but is not limited to activities such as

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

Here, Plaintiffs were exempt from collecting overtime because all three factors of the short test are met. It is undisputed that each Plaintiff earned more than $250 per week and regularly supervised two or more employees. To support its assertion that Plaintiffs' primary duties were managerial, Defendant provides statistical information created by the POS that Plaintiffs performed exempt activities more than 50 percent of the time. The Court, however, finds the POS statistics non-dispositive because it is easily manipulated. Moreover, 29 C.F.R. § 541.103 states that while the 50 percent mark is a good rule of thumb, time alone is not the sole test for determining whether managerial activities comprise an employee's primary duties. Management may be the primary duty if other pertinent factors support the conclusion. Those factors include: "the relative importance of the managerial duties as compared to other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the

5

supervisor." 29 C.F.R. § 541.103. The record establishes the existence of each of these pertinent factors in this case. For example, the Service Center Manager's Performance Review Reporting Form evaluates eight separate goals. Each goal is given a "weight" in the form of a percentage. Combined, all eight goals equal 100 percent. Seven of the eight goals are managerial. The only goal not considered managerial is given a low weight of ten percent. Consequently, 90 percent of a Service Center Manager's Performance Review is based on managerial activities. Further, goal number one is a "Profit to Plan" and is given the highest weight of 30 percent. The significant weight attached to the profit to plan is solely attributable to the Service Center Manager's management activities in reaching the profitability goal. More importantly, however, is the testimony of Plaintiffs reflecting that Service Center Managers' responsibilities include, among other things, training, hiring, firing, disciplining, handling grievances, scheduling employees, conducting employee performance evaluations, ordering and stocking inventory, setting the center's profitability plan, and tracking the daily and monthly sales logs. The record also reflects that Service Center Managers have sole discretion to carry out these duties without direct supervision. Although Defendant employs Area Managers, Area Managers are not on site supervising Service Centers or Service Center Managers. Lastly, in regards to the fourth factor, Service Center Managers received a salary plus a cash bonus if the center is profitable, while all other employees are paid an hourly wage and cannot participate in the bonus plan. Therefore, the compensation of the Service Center Managers and the compensation of other employees are much different.

     Plaintiffs disagree and allege that they were "working foreman" and should have received overtime wages. Yet, the term "working foreman" is only relevant to the long test. 29 C.F.R. § 541.115. As stated prior, the long test does not apply here because Plaintiffs earned more then $250

per week.

### IV. Conclusion

Applying the short test, because Plaintiffs earned more than $250 per week, the Court concludes that Plaintiffs were executives under the FLSA: they regularly supervised two or more employees and performed primarily managerial duties. Therefore, the overtime wage exception was applicable and Plaintiffs were not entitled to overtime wages.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 32] is **GRANTED**.

**SO ORDERED.**


Dated:    March 23, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE


| Certificate of Service |
|---|
| I hereby certify that on   March 23, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              Charles Gottlieb                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  P. Douglas Barr; Leon M. Greenberg; Mark R. Thierman  . |
|                                                     s/Ruth A. Brissaud        <br>                                                     Ruth A. Brissaud, Case Manager<br>                                                     (810) 341-7845 |